# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:19-cr-13-CLC-CHS |
| v. ) | |
| ) | |
| KELLY CECIL ) | |
| ) | |

## MEMORANDUM AND ORDER

KELLY CECIL ("Defendant") came before the Court for an initial appearance on February 14, 2019, in accordance with Rule 46(a) of the Federal Rules of Criminal Procedure and 18 U.S.C. " 3142 and 3148, on an Amended Petition for Action on Conditions of Pretrial Release ("Petition")[Doc. 19].

After being sworn in due form of law, Defendant was reminded of her privilege against self-incrimination under the 5th Amendment and her right to counsel under the 6th Amendment to the United States Constitution. Defendant was represented at the hearing by Clay Whittaker.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with her attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of her counsel. In addition, AUSA Kyle Wilson explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that she understood the charges in the Petition.

Defendant was advised of her right to a preliminary hearing and a detention hearing. The Government relied upon the sworn Petition to support its allegations that Defendant violated certain conditions of release. Defendant waived any further hearings and made no effort to rebut the allegations in the Petition.

Based on the foregoing, the Court finds, by clear and convincing evidence, that Defendant has violated the following conditions of release[1] set forth in the Order Setting Conditions of Release [Doc. 19]:

8p. The defendant must not use a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner.

8z. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

---

1 The specific conditions are paraphrased for the sake of brevity.

8ee. The defendant shall have written permission from the United States Probation officer before changing residence.

Further, the Court finds that, based on the factors set forth in section 18 U.S.C. § 3142(g), there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community, and Defendant has demonstrated that she is unlikely to abide by any condition or combination of conditions of release. Therefore, the Court finds that the Order Setting Conditions of Release [Doc. 12] should be revoked and Defendant should be ordered into custody to be detained without bail pending further order of this Court.

It is, therefore, **ORDERED** that:

1. The Order Setting Conditions of Release [Doc. 12] is hereby **REVOKED**.

2. Defendant is hereby **ORDERED** into custody to be **DETAINED WITHOUT BAIL** pending further order of this Court.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE